**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Berga Habetamu Shibeshi,

Plaintiff,

v.

David R Rivas, et al.,

Respondents.

No. CV-26-02511-PHX-SHD

**ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Magistrate Judge to whom this case was referred issued a Report and Recommendation recommending that the Petition be granted in part and denied in part to the extent that Petitioner be provided a bond redetermination hearing within seven days of the entry of judgment or release Petitioner subject to appropriate conditions. (Doc. 12.) The time for filing objections has run, and neither party filed objections.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not

otherwise.'"); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

No objection having been filed,

**IT IS ORDERED** that the Report and Recommendation (Doc. 12) is accepted[1]; the Petition is granted to the extent that Petitioner shall be provided a bond redetermination hearing. The Petition as to Petitioner's request for immediate release is denied.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond redetermination hearing **within seven (7) days** of the entry of judgment, unless Petitioner requests a continuance, in which case Respondents must notify the Court and provide the continued date for the bond hearing. Petitioner – including any counsel – **must** be given at least two days' notice of the bond hearing. The bond hearing shall comply with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). The Government shall bear the burden of proving that Petitioner is a danger or flight risk by clear and convincing evidence. Additionally, the IJ should consider Petitioner's financial situation and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). **Alternatively**, the Government may release Petitioner under appropriate conditions of release.

**IT IS FURTHER ORDERED** that Respondents shall file a notice of compliance **within three (3) days** of providing Petitioner a bond redetermination hearing or releasing Petitioner. If a bond hearing is held, the notice of compliance shall include a report of the

[1] The R&R is adopted with the exception of the recommendation that the Government file a status report in addition to the notice of compliance regarding the outcome of the bond hearing.

results of the hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue judgment accordingly and close this case.

Dated this 10th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge